UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ARIANA CHLOE DUPUY
REPRESENTATIVE/FUTURE SISTER IN
LAW ON BEHALF OF DAYANA
ORANGELA MANTILLA MORA,

           Petitioner,

v.

UNKNOWN PARTY et al.,

           Respondents.
_____/

Case No. 1:25-cv-1683

Honorable Paul L. Maloney

**OPINION**

Ariana Chloe Dupuy initiated this action on December 8, 2025, by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of her future sister-in-law, Dayana Orangela Mantilla Mora, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Also before the Court are Ms. Dupuy's "emergency motion for temporary restraining order, stay of removal, and injunctive medical relief" (ECF No. 4) and "motion to supplement habeas corpus petition/supplemental declaration" (ECF No. 5), filed on December 15, 2025. The Court will grant the motion to supplement the petition (ECF No. 5). The Court will dismiss in part and deny in part the emergency motion for a temporary restraining order (ECF No. 4).

**Discussion**

**I.    Procedural History**

In her § 2241 petition, Ms. Dupuy challenges the lawfulness of Ms. Mantilla Mora's current detention and asks the Court to, *inter alia*, declare that Respondents' actions to detain Ms. Mantilla Mora violate the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act (INA), and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Ms. Mantilla Mora or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.3.)

In an order entered on December 12, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested in the petition should not be granted. (Order, ECF No. 3.) Respondents filed their response on December 17, 2025. (ECF No. 6.)

On December 15, 2025, Ms. Dupuy filed an "emergency motion for temporary restraining order, stay of removal, and injunctive medical relief" (ECF No. 4) and a "motion to supplement habeas corpus petition/supplemental declaration" (ECF No. 5).

**II.    Factual Background**

Ms. Mantilla Mora is a citizen of Venezuela (Employment Authorization, ECF No. 1-1, PageID.27) and Columbia (2023 Notice to Appear (NTA), ECF No. 6-2, PageID.142). She entered the United States on March 13, 2023, without being admitted or paroled after inspection by an immigration officer. (*Id.*) That same day, the Department of Homeland Security issued Ms. Mantilla Mora an NTA, charging her with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because she is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other

than as designated by the Attorney General." (*Id.*) Ms. Mantilla Mora did not remain in custody; she was ordered to appear before an immigration judge on March 19, 2025. (*Id.*)

Following the March 13, 2023, NTA, Ms. Mantilla Mora submitted an Application for Asylum and for Withholding of Removal (Apr. 10, 2024, I-797C Notice of Action, ECF No. 1-1, PageID.19), an Application for Employment Authorization (May 2, 2024, I-797C Notice of Action, ECF No. 1-1, PageID.20), and an Application for Temporary Protected Status (TPS) (May 2, 2024, I-797C Notice of Action II, ECF No. 1-1, PageID.21.) Ms. Mantilla Mora is authorized to work within the United States and was granted TPS on June 12, 2024. (Pet., ECF No. 1, PageID.3; Employment Authorization, ECF No. 1-1, PageID.27; Form I-797A Notice of Action, ECF No. 1-1, PageID.29.) On June 13, 2025, an immigration judge found Ms. Mantilla Mora "removable" under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (June 13, 2025, Order, ECF No. 6-3, PageID.146.) Her application for asylum and current application for TPS are pending. (*See* ECF No. 5-1, PageID.75.)

In or around December 2025, Ms. Mora was encountered and detained by ICE. (Pet., ECF No. 1, PageID.1.)

Prior to her detention, Ms. Mantilla Mora resided with her United States citizen fiancé and their one-year-old child. (Pet., ECF No. 1, PageID.1; Hardship Letter, ECF No. 1-1, PageID.12.) Ms. Mantilla Mora suffers from diabetes and requires continuing medical care. (Pet., ECF No. 1, PageID.1; Health Record, ECF No. 1-1, PageID.37.)

### III.    Next Friend Status

As a preliminary matter, the Court must determine whether Ms. Dupuy may proceed as "next friend" of Ms. Mantilla Mora. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163

(1989). "A 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a detainee's behalf, a putative next friend must demonstrate that the detainee is unable to prosecute the case on her own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The *Whitmore* Court noted that the next friend might demonstrate her dedication to the "best interests" of the real party in interest by showing "some significant relationship" with that party. *Whitmore*, 495 U.S. at 164. The putative next friend must clearly establish "the propriety of his [or her] status" in order to "justify the jurisdiction of the court." *Id.* (citations omitted). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee [herself] could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most

4

significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, the Court concludes that the petition, pending motions, and attached documents adequately demonstrate that the justice system is inaccessible to Ms. Mantilla Mora, who is detained in an ICE detention facility with "limited English proficiency." (Pet., ECF No. 1, PageID.2.) Moreover, Ms. Dupuy, as the future sister-in-law of Ms. Mantilla Mora, has demonstrated both a significant relationship with Ms. Mantilla Mora, and that she is truly dedicated to acting in Ms. Mantilla Mora's best interests. Ms. Dupuy has attached to her filing documents indicating Ms. Dupuy's diligent efforts in understanding Ms. Mantilla Mora's immigration court case, her pending immigration benefit applications and the impact of her detention on her ability to pursue these legal benefits. These documents also demonstrate Ms. Dupuy's unyielding pursuit of relief on behalf of Ms. Mantilla Mora through the various avenues available. (*See*, *e.g.*, Dec. 1, 2025, Correspondence I, ECF No. 1-1, PageID.17–18; Dec. 1, 2025, Correspondence II, ECF No. 1-1, PageID.40; Dec. 1, 2025, Correspondence III, ECF No. 1, PageID.43–44.) Accordingly, the Court will permit Ms. Dupuy to proceed as next friend to Ms. Mantilla Mora.

### IV.     Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

5

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## V. Exhaustion

Respondents argue that the Court should deny the request for habeas corpus relief because Ms. Mantilla Mora has not exhausted her administrative remedies. Specifically, Respondents argue that Ms. Mantilla Mora should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals (BIA).

The Court declines to enforce the doctrine of prudential exhaustion against Ms. Mantilla Mora, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of the § 2241 petition.

## VI. Merits Discussion

### A. Statutory Basis for Ms. Mantilla Mora's Detention

Ms. Dupuy contends that Respondents have violated the INA by concluding that Ms. Mantilla Mora is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondents, however, contend that Ms. Mantilla Mora meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Ms. Mantilla Mora, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).

### B. Fifth Amendment Due Process Considerations

Ms. Dupuy also argues that Ms. Mantilla Mora's detention violates the Fifth Amendment's Due Process Clause. Respondents counter Ms. Dupuy's arguments by stating that Ms. Mantilla Mora has received notice of the charges against her, has access to counsel, is scheduled to attend hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for only a short period time.

The Court concludes that Ms. Mantilla Mora's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates her Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

### VII. Other Claims and Other Forms of Relief

Because the Court will conditionally grant the § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in the § 2241 petition.

### VIII. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Ms. Mantilla Mora is transferred out of the Western District of Michigan, the Court will direct the Clerk's Office to substitute the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents.

### IX. Pending Motions

Ms. Dupuy has filed an "emergency motion for temporary restraining order, stay of removal, and injunctive medical relief" (ECF No. 4). In the motion, Ms. Dupuy seeks six types of relief: (1) a temporary restraining order preventing removal, (2) an order directing ICE to provide diabetic appropriate meals, (3) an order prohibiting retaliation and "food deprivation," (4) an order compelling ICE to provide medical records, (5) an order ensuring confidential access to legal counsel, and (6) an order to consider parole or release pending proceedings. (ECF No. 4,

PageID.57.) Because this opinion and the judgment to follow will conditionally grant the § 2241 petition, the Court will dismiss Ms. Dupuy's request that Ms. Mantilla Mora be allowed parole or release pending proceedings as moot.

With respect to Ms. Dupuy's request concerning a stay of removal, the Court lacks jurisdiction to issue such an order. Enacted in 1996, § 1252 governs "judicial review" of orders of removal. Subsection (g) provides:

> [e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, ... no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Because a general request for a stay of removal would concern a decision or action by the Attorney General to "commence proceedings, adjudicate cases, or execute removal orders," the Court finds that § 1252(g) precludes the Court's jurisdiction over such claims. The Court will, therefore, deny Ms. Dupuy's request for a stay of Ms. Mantilla Mora's removal proceedings for lack of jurisdiction.

Finally, this action was filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) However, in her motion, Ms. Dupuy challenges the conditions of Ms. Mantilla Mora's confinement and seeks relief related to meals, retaliation, medical records, and access to counsel. Courts are generally reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not allowing a prisoner to transform a Section 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994),

9

(2) differing defendants, (3) differing standards of Section 1915(a)(3) and Section 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of Section 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions) (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)); *Mittelstadt v. Wall*, No. 14-cv-423-JDP, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit"). Accordingly, the Court will deny Ms. Dupuy's requests concerning the conditions of Ms. Mantilla Mora's confinement without prejudice. Should Ms. Mantilla Mora wish to pursue these claims, she may do so by instituting a separate action either through counsel or on her own behalf.

Ms. Dupuy has also filed a "motion to supplement habeas corpus petition/supplemental declaration" (ECF No. 5). The deadline for Ms. Dupuy to file her reply has not expired. Accordingly, the Court will grant her motion and has considered Ms. Dupuy's motion to supplement and attached documents.

## Conclusion

For the reasons discussed above, the Court will permit Ms. Dupuy to proceed as next friend to Ms. Mantilla Mora.

The Court will enter a judgment conditionally granting the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Ms. Dupuy on behalf of Ms. Mantilla Mora. (ECF No. 1.) Given the circumstances, the Court will order Respondents to provide Ms. Mantilla Mora with a bond hearing under 8 U.S.C. § 1226(a) within **three business days** of the date of this Court's opinion and judgment or, in the alternative, immediately release Ms. Mantilla Mora from

custody. The Court will also order Respondents to file a status report within four business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Further, the Court will direct the Clerk's Office to substitute the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents.

Finally, the Court will (1) dismiss the "emergency motion for temporary restraining order, stay of removal, and injunctive medical relief" (ECF No. 4) as moot to the extent that it requests that Ms. Mantilla Mora be allowed parole or release pending proceedings, (2) deny the emergency motion for lack of jurisdiction to the extent that it seeks a stay of removal, and (3) deny the emergency motion without prejudice to the extent that it seeks relief related to the conditions of Ms. Mantilla Mora's confinement. The Court will grant the "motion to supplement habeas corpus petition/supplemental declaration" (ECF No. 5).

Dated:   December 17, 2025                           /s/ Paul L. Maloney
                                                                                      Paul L. Maloney
                                                                                      United States District Judge